■ THEODORE SHOKEN et al., Appellants, v OTELVIO MENEGHINI, Respondent.—In an action to recover damages for personal injuries, etc., plaintiffs appeal from an interlocutory judgment of the Supreme Court, Kings County (Morton, J.), dated February 10, 1984, which, upon a jury verdict on liability, determined that plaintiffs were 90% liable and defendant was 10% liable.

Interlocutory judgment affirmed, with costs.

No exceptions or objections having been taken to the court's charge to the jury, any issues with respect thereto were not preserved for appellate review (CPLR 5501 [a] [3]). In any event, examination of the charge does not show it to have been so patently erroneous, confusing or inadequate as to require reversal and a new trial. We find plaintiffs' other contentions to be without merit. Lazer, J. P., Thompson, O'Connor, Rubin and Kunzeman, JJ., concur.

■ JOYCE SIGURDSSON, Appellant, v LONG ISLAND JEWISH HILLSIDE MEDICAL CENTER et al., Respondents, et al., Defendants.—In a medical malpractice action, plaintiff appeals from an order of the Supreme Court, Nassau County (Harwood, J.), entered July 31, 1984, which granted the motion of respondents Roberts and Barrau and the cross motion of the other respondents for summary judgment dismissing the action as against them.

Order affirmed, with one bill of costs.

Plaintiff failed to set forth an affidavit of merit and a reasonable excuse for failing to comply with a conditional order of preclusion (see, Smith v Lefrak Org., 60 NY2d 828; Bailey v North Shore Univ. Hosp., 59 NY2d 748; Amodeo v Radler, 59 NY2d 1001). Therefore, Special Term properly dismissed the action as against respondents. Mollen, P. J., Gibbons, Brown, Niehoff and Eiber, JJ., concur.